## Case No. 18,037.

### WOOSTER v. HOWE MACH. CO.

[4 Ban. & A. 319; 1 16 O. G. 314.]

Circuit Court, S. D. New York. May 24, 1879.

EQUITY PRACTICE—INJUNCTION.

Where a complainant moves for an injunction, and it is denied on defects pointed out, it is too late to renew his motion, on papers designed to cure such defects, if he wait until after the defendant has closed his proofs for final hearing.

[This was a suit by George H. Wooster against the Howe Machine Company. On motion for injunction.]

Frederic H. Betts, for complainant.

Benjamin F. Lee, for defendant.

BLATCHFORD, Circuit Judge. This suit, like the suits against Thornton, Blake, and

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

1 [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

Handy, is, so far as the Johnston ruffler is concerned, substantially a suit against the Johnston Ruffler Company, as the four suits are all defended by that company. The fact that since the motions for injunctions in the suits against Thornton and Blake were denied, and before the present motion in this suit was brought, the proofs for final hearing on the part of the defendants in the Thornton and Blake suits were taken and the cases made ready for final hearing, so far as the defendants are concerned, is a sufficient reason for not now granting the motion for a preliminary injunction. Where a plaintiff moves for an injunction, and it is denied on defects pointed out, it is too late for him to wait until after the defendant has closed his proofs for final hearing, before renewing his motion, on papers designed to cure such defects. This view requires that the present motion be denied, without considering the question whether such defects are now cured.

[For other cases involving this patent, see note to Wooster v. Blake, 8 Fed. 429.]